Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 7124 | **DATE** | 10/18/2010 |
| **CASE TITLE** | Khonaisser vs. Lowe's Home Centers Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b) [44] is denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant's motion to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b). Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Defendant argues that dismissal is appropriate here because "there is a clear record of delay or contumacious conduct." Def. Motion [44] (citing *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir.1998). Plaintiff admits all of Defendant's factual allegations. Counsel for Plaintiff admits that he failed to appear for the status hearing on May 28, 2010 before Judge Gilbert. Pl. Resp. [47]. Following Plaintiff's failure to appear, the Court entered an order specifically requiring Plaintiff's counsel with primary responsibility for the case to appear at the subsequent hearing. [*Id*.]. At the subsequent hearing, on June 10, 2010, the attorney who appeared did not have any responsibility for the case. [*Id*.]. Counsel for Plaintiff admits that he failed to appear for the status hearing on September 2, 2010, after which the Court entered an order noting Plaintiff's absence as well as Defendant's statement that it intended to file a motion to dismiss for want of prosecution. [*Id*.]. Plaintiff also admits that he failed to comply with the June 24, 2010 deadline for responding to pending discovery. [*Id*.].

In his response to Defendant's motion, lead counsel for Plaintiff represents that his failure to appear for the various status hearings and meet discovery deadlines "is due to Plaintiff's counsel's serious illness and complications therefrom." Pl. Resp. [47]. Lead counsel for Plaintiff represents that he has had cancer, resulting in chemotherapy and radiation treatments. Counsel represents that he was under doctor's orders to avoid court hearings. [*Id*.]. Counsel further states that his failure to meet discovery deadlines was not intentional, but was the result of his illness. [*Id*.]. Lead counsel for Plaintiff represented in his response that he would be released from the hospital on October 7, 2010, and he presented the court with plans for moving the case forward. [*Id*.]. Defendant has not filed a reply.

## STATEMENT

The decision whether to dismiss for want of prosecution under Rule 41(b) rests within the sound discretion of the district court. See, e.g. *Moffitt v. Illinois State Board of Education*, 236 F.3d 868, 873 (7th Cir. 2001). In light of Plaintiff's counsel's serious illness and counsel's representation that he will move the case forward in due course, the Court declines to dismiss Plaintiff's case. Other courts have concluded courts may consider a serious illness suffered by Plaintiff's counsel in denying a motion under Rule 41(b). See, *e.g. Benjamin v. Aroostook Medical Center, Inc.*, 57 F.3d 101, 108 (1st Cir. 1995) (district court abused its discretion in dismissing case with prejudice pursuant to Rule 41(b) in light of sudden and severe illness of plaintiff's counsel).

The parties are directed to appear before Judge Gilbert in order to obtain a new schedule in which to complete discovery. If Plaintiff continues to fail to prosecute this case going forward, Defendant may of course file another motion under Rule 41(b) and the Court will consider it.